**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **ABUNDANT LIFE CHRISTIAN** | § | |
| **CENTER OF LA MARQUE, INC.** | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 3-19-cv-00200** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY** | § | |

*On Removal from:*

**CAUSE NO. 19-CV-1036**

| | | |
|---|---|---|
| **ABUNDANT LIFE CHRISTIAN** | § | **IN THE DISTRICT COURT** |
| **CENTER OF LA MARQUE, INC.** | § | |
| | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY** | § | **56TH JUDICIAL DISTRICT** |

**EXHIBIT 4**

**ALL DOCUMENTS FILED IN STATE COURT**

| Tab | Document Name | Filing Date |
|---|---|---|
| 1. | Plaintiff's Original Petition | 6/7/19 |
| 2. | Defendant Philadelphia Indemnity Insurance Company's Original Answer | 6/13/19 |
| 3. | Plaintiff's Notice of Nonsuit with Prejudice of Paul R. White & Company, Inc. | 6/17/19 |
| 4. | Defendant's Notice of Removal to Federal Court | 6/17/19 |

# TAB 1

Filed: 6/6/2019 3:32 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 34173799
By: Shailja Dixit
6/6/2019 3:46 PM

**19-CV-1036**

CAUSE NO. _____

| | | |
|---|---|---|
| **ABUNDANT LIFE CHRISTIAN CENTER OF LA MARQUE, INC.** *Plaintiff,* | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **V.** | §<br>§ | **GALVESTON COUNTY, TEXAS** |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY AND PAUL R. WHITE & COMPANY, INC.,** *Defendants.* | §<br>§<br>§<br>§<br>§ | **Galveston County - 56th District Court**<br><br>_____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

COMES NOW **Plaintiff Abundant Life Christian Center of La Marque, Inc.** (hereinafter referred to as "Christian Center" or "Plaintiff") and files this, its Original Petition and Request for Disclosures, complaining of **Defendant Philadelphia Indemnity Insurance Company** ("Defendant Philadelphia" or "Philadelphia") and **Defendant Paul R. White & Company, Inc.** ("Defendant White") (collectively referred to as "Defendants") and for such cause would show unto this Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct Discovery under Level 3 of the Texas Rules of Civil Procedure, and requests that the Court enter a Level 3 Discovery Plan. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff requests the Court order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

**Status Conference - 08/29/2019**

2.      Plaintiff Abundant Life Christian Center of La Marque, Inc. is religious organization incorporated in Texas, with its principal place of business in La Marque, Texas, and located at 601 Delaney Road, La Marque, Texas 77568.

3.      Defendant Philadelphia is a foreign insurance company engaged in the business of insurance in Texas, with its principal office located in Bala Cynwyd, Pennsylvania.   This Defendant may be served with legal process through its registered agent for service, C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.      Defendant White is an insurance claim adjusting company engaged in the business of insurance in Texas, with its principal place of business in Houston, Texas.   This Defendant may be served with legal process through its registered agent for service, Russell A. White (president), located at 2537 S. Gessner, Suite 132, Houston, Texas 77063.

### III.
### JURISDICTION AND VENUE

5.      This Court has jurisdiction in this cause as the damages to Plaintiff are within the jurisdictional limits of this Honorable Court.   Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend its petition during and/or after the discovery process.

6.      The court has jurisdiction over Defendant Philadelphia because the Defendant is an insurance company that engages in the business of insurance in the State of Texas and the Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

7.      The court has jurisdiction over Defendant White because the Defendant is an insurance claim adjusting company that engages in the business of insurance in the State of Texas and the Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

8.      Venue is proper in Galveston County, Texas pursuant to *Tex. Ins. Code §2210.552(c)* as
the insured property at issue in this suit is located in Galveston County, Texas.

## IV.
## FACTS

9.  .    Plaintiff is an owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as
"the Policy"), which was issued by Philadelphia, under the Policy Number PHPK1497088.

10.      Plaintiff owns the insured property, which was specifically located at 601 Delaney Road,
La Marque, Texas 77568, which is situated in Galveston County (hereinafter referred to as "the
Property").

11.      Philadelphia sold the Policy insuring the Property to Plaintiff.

12.      On or about May 22, 2017, while the property at issue was covered by the Policy, a power
surge occurred (the "Incident") and caused extensive damage to the Plaintiff's real property and
business personal property.

13.      Upon information and belief, Plaintiff's believes that the Property sustained substantial
*damage to its external power lines, structure (including but not limited to the roof and exterior
window)*, internal power lines, and extensive business personal property.    In addition to the
extensive damage to the physical property, Plaintiff initially estimated that the damage to the
business personal property exceeds $660,000.

14.      Plaintiff promptly submitted a claim to Philadelphia against the Policy for structural and
electrical damage to the Property sustained as a result of the Incident.

15.      Defendant acknowledged receipt of Plaintiff's claim and designated Plaintiff's claim as
claim number 1079261 ("the Claim").

16.     Plaintiff asked that Philadelphia to cover all costs of repairs to the Property, as shown *supra,* pursuant to the Policy.

17.     Additionally, Plaintiff provided Defendant with access to the insured property for multiple inspections and provided all information requested and necessary to pay the amount due and owing under the Policy.

18.     Defendant Philadelphia retained and/or assigned Defendant White to investigate Plaintiff's claim on its behalf. Defendants Philadelphia and/or White then assigned John Costner as the individual adjuster. This adjuster improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's Claim. Specifically, Costner conducted a substandard inspection of Plaintiff's Property. The inadequacy of Costner's inspections in evidenced by the failure to account for the full extent of Plaintiff's damages covered by the insurance policy. For example, though Costner acknowledged the electrical damage to Plaintiff's Property, but failed to concede the damage to the window or roof was covered under Plaintiff's insurance policy.

19.     On or about June 9, 2017, Defendant's representative tendered the first payment towards Plaintiff's property damage claim.

20.     Defendant Philadelphia, by and through its agent, partially accepted coverage of Plaintiff's claim, and partially denied portions of Plaintiff's Claim.

21.     Ultimately, Costner's inadequate inspection did not allow insurance benefits to cover the costs of repairs for the damages sustained by Plaintiff during the Incident. This inadequate investigation was relied upon by Philadelphia in this action and resulted in Plaintiff's claim being improperly adjusted and denied.

22.     As a result of Defendants' wrongful acts and/or omissions set forth above and further described herein, Plaintiff was denied coverage of its claim and has suffered damages.

23.     Together, Defendants Philadelphia and Douglas conspired and set about to deny sufficient

coverage on properly covered damages.  Defendants Philadelphia and Douglas misrepresented to

Plaintiff that the Policy would cover damages sustained to the Property.  Thereafter, Defendant

Philadelphia failed to provide coverage for the damages sustained by the Property, thereby

partially denying payment on Plaintiff's claim.  As a result of Defendants' wrongful acts and/or

omissions set forth above and further described herein, Plaintiff was denied coverage of its claim

and has suffered damages.

24.     The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully

repair the Property, which has resulted in additional damages.  To this date, Plaintiff has yet to

receive the full payment to which it is entitled under the Policy.

25.     As detailed in the paragraphs below, Defendant Philadelphia wrongfully denied Plaintiff's

claims for repairs of the Property, even though the Policy provided coverage for losses such as

those suffered by Plaintiff.

26.     To date, Defendant Philadelphia continues to delay in the payment for the damages to the

property.  As such, Plaintiff has not been paid for the damages to its Property.

27.     Defendant Philadelphia failed to perform its contractual duties to adequately compensate

Plaintiff under the terms of the Policy.  Specifically, Defendant Philadelphia refused to pay

proceeds due under the Policy, although demand was made for proceeds to be paid in an amount

sufficient to cover the damaged property. Defendant Philadelphia's conduct constituted a breach of the insurance contract between Defendant Philadelphia and Plaintiff.

28.     Defendants misrepresented to Plaintiff that the Property damages was not the result of the Incident. Defendants' conduct constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

29.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of Philadelphia's liability to Plaintiff under the Policy. Defendant Philadelphia's conduct constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

30.     Defendants failed to offer Plaintiff reasonable compensation under the Policy. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any reasonable explanation for the failure to adequately settle Plaintiff's claim. The conducts of Defendants were a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

31.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. The conduct of Defendants constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

32.     Defendants refused to allow sufficient compensation to Plaintiff, under the terms of the Policy, even though Defendant John Costner failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which

resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conducts of Defendants constituted a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

33.     Defendant Philadelphia failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Philadelphia's conduct constituted a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

34.     Defendant Philadelphia failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Philadelphia's conduct constituted a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

35.     Defendant Philadelphia failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for its claim. Defendant Philadelphia's conduct constituted a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

36.     From and after the time Plaintiff's claim was presented to Defendant Philadelphia, the liability of Defendant Philadelphia to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Philadelphia has refused to fully pay Plaintiff, despite there being no basis whatsoever on which a reasonable insurance company would have relied to

deny the full payment. Defendant Philadelphia's conduct constituted a breach of the common law duty of good faith and fair dealing.

37. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

38. As a result of Defendants' wrongful acts and/or omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing it with respect to these causes of action.

## CAUSES OF ACTIONS:
### CAUSES OF ACTIONS AGAINST DEFENDANTS PHILADELPHIA AND WHITE

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

39. Defendant Philadelphia hired and/or assigned Defendant Paul R. White & Company, Inc. as the insurance claim adjusting company. Thereafter, Defendant Philadelphia and/or Defendant White assigned John Costner as the individual claims adjuster to investigate and adjust the claim on Defendant Philadelphia's behalf.

40. During his investigation, Defendant White failed to properly assess Plaintiff's property damage. Specifically, during the investigation, Defendant White spent an inadequate time investigating whether Plaintiff's damages were covered under the Policy. As a result of the inadequate and substandard investigation, Defendant White failed to fully account for all of the covered damage to the Property, such as the roof, window, electrical systems and the business personal property. Defendants' conduct constituted multiple violations of the Texas insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.151.

41. Defendant White is individually liable for its unfair and deceptive acts, irrespective of the fact that it was acting on behalf of Defendant Philadelphia, because Defendant White is a "person"

as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or *other legal entity engaged in the business of insurance*, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

42.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant White's misrepresentations by means of deceptive conducts include, but are not limited to, (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff had no covered damage when in-fact there were (i.e. the roof, window and various items of business personal property); (3) using his own statements about the non-severity of the damages as a basis for denying properly covered damages; and (4) failing to provide an adequate explanation for giving no compensation for Plaintiff's claims. Defendant White's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

43.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

44.     The unfair settlement practices of Defendants' as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

45.     Defendants did not adequately explain why damages were not being covered under the Policy, despite the extensive damage to the Property as a result of the Incident. Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constituted an unfair method of competition and an unfair and deceptive act of practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

46.     Defendants' deceptive acts and omissions of misrepresenting an insurance policy by making false and misleading statements of material fact, and making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.061(1)-(3), (5).

### CAUSES OF ACTION AGAINST DEFENDANT PHILADELPHIA

47.     Defendant Philadelphia is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### COUNT ONE: BREACH OF CONTRACT

48.     Defendant Philadelphia's conduct constituted a breach of the insurance contract made between Defendant Philadelphia and Plaintiff.

49.     Defendant Philadelphia's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, which constituted a breach of Defendant Philadelphia's insurance contract with Plaintiffs.

### COUNT TWO:  NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50.     Defendant Philadelphia's conduct constituted multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

51.     Defendant Philadelphia's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

52.     Defendant Philadelphia's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.    TEX. INS. CODE §541.060(a)(2)(A).

53.     Defendant Philadelphia's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of Plaintiff's claim, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54.     Defendant Philadelphia's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

55.     Defendant Philadelphia's unfair settlement practice, as described above, of refusal to pay Plaintiff's claim without conducting a reasonable investigation, constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

COUNT THREE: NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

THE PROMPT PAYMENT OF CLAIMS

56.     Defendant Philadelphia's conduct constituted multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

57.     Defendant Philadelphia's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constituted a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

58.     Defendant Philadelphia's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constituted a non-prompt payment of the claim. TEX. INS. CODE §542.056.

59.     Defendant Philadelphia's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constituted a non-prompt payment of the claim. TEX. INS. CODE

12

§542.058.

## COUNT FOUR: ACTS CONSTITUTING ACTING AS AGENT

60.　　As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant White is and was an agent of Defendant Philadelphia based on Defendant Philadelphia's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, selling insurance, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

61.　　Separately, and/or in the alternative, as referenced and described above, Defendant Philadelphia ratified the acts, negligent hiring and training, supervision and/or omissions of Defendant White, including the completion of its duties under the common law and statutory law.

## DTPA VIOLATIONS

62.　　Defendants' conducts constituted multiple violations of the Texas Deceptive Trade Practice Act ("DTPA"), TEX. BUS. & COM. CODE 17.41-63. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. TEX. BUS. & COM. CODE 17.50(a). In the alternative, Plaintiff is a claimants for Defendants' violations of the Texas Insurance Code pursuant to the DTPA. TEX. BUS. & COM. CODE 17.50(h). Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, but are not limited to the following:

　　　　a. By Defendants' acts, omissions, failures and conduct that are described in the above, Defendants have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Accordingly, Defendants' violations include, but are not limited to, (a) unreasonably delays in the investigation, adjustment, and resolution of

13

Plaintiff's claim, (b) failure to give Plaintiff the benefit of the doubt, and (c) failure to pay for the proper repair of the Property on which liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2);

b. Defendant Philadelphia represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA;

c. Defendant Philadelphia represented to Plaintiff that Defendant Philadelphia's insurance policy and adjusting services were of a particular standard, quality, or grade when they were of another in violation of section 17.46(b)(7) of the DTPA;

d. Defendant Philadelphia advertised the insurance policy and adjusting services with intent not to sell them as advertised in violation of section 17.46(b)(9) of the DTPA;

e. Defendant Philadelphia breached an express warranty made by Defendant Philadelphia that the damages would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

f. Defendants' actions are unconscionable in that Defendants' actions took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct give Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

g. Defendants' conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

14

## VI.

## KNOWLEDGE

63.     Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

64.     Each of the acts described above, together and singularly, was done "knowingly," and "intentionally", and was a producing cause of Plaintiff's damages described herein.

## VII.

## DAMAGES

65.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constituted the producing causes of the damages sustained by Plaintiff.

66.     As previously mentioned, the damages caused by Incident have not been properly addressed nor repaired in the months since it occurred, causing further damages to the Property, and causing undue hardship and burden to the Plaintiff. These damages are a direct result of all of the Defendants' mishandling of Plaintiff's claim in violation of the laws set forth herein.

67.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

68.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times its actual damages. TEX. INS. CODE §541.152.

69.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

15

70.     For violations of the DTPA, Plaintiff is entitled to actual damages, which include the loss

of the benefits owed pursuant to the Policy, mental anguish, court costs and attorney's fees. For

knowing and intentional conduct of the acts described above, Plaintiff asks for three times its actual

damages.

71.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the

services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled

to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation

and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of

Texas.

### VIII.

### CONDITIONS PRECEDENT

72.     All conditions precedent to Plaintiff's claim for relief have been performed or have

occurred.

73.     *Notice* pursuant to Texas Insurance Code 542A.003 is not required, as the same is

impracticable under the circumstances, as Plaintiff believes that there is insufficient time to give

pre-suit notice before the limitations period will expire.     Upon information and belief, the

limitations period will expire on June 9, 2019.

### IX.

### REQUESTS FOR DISCLOSURE

74.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant Philadelphia

and Defendant White each disclose, within 50 days of the service of the request, the information

or material described in Rule 194.2.

16

## X.

## JURY DEMAND

75.     Plaintiff demands a jury trial and will tender the appropriate fee in accordance with the

Texas Rules of Civil Procedure.

## XI.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff Abundant Life Christian Center of

La Marque, Inc. respectfully requests that Defendant Philadelphia be cited to appear and answer,

and that upon final trial Plaintiff have Judgment against Defendant Philadelphia for all actual

damages, consequential damages, statutory damages, attorneys' fees, pre-judgment and post-

judgment interest at the highest lawful rate, costs of court, and all other relief, general or special,

legal or equitable, to which Plaintiff show it is justly entitled.


Respectfully submitted,

**CHRISTOFFEL LAW GROUP, P.L.L.C.**

**By**   /s/ David A. Christoffel
          David A. Christoffel
          State Bar of Texas Number: 24065044
          3027 Marina Bay Drive, Suite 230
          League City, Texas 77573
          Telephone: (281) 429-8402
          Facsimile: (281) 429-8403

*Attorney for Plaintiff*
*Abundant Life Christian Center of La Marque, Inc.*

This form has been revised due to the data provided on the OCA Civil Case Information Sheet that is required to be filed with every new suit. The OCA Civil Case Information Sheet is available on our website.

## The District Courts of Galveston County, Texas Status Conference Notice

### Please calendar this event

#### All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)

| Court Name | Status Conference Time | Court Phone Number | | |
|------------|------------------------|--------------------|----|--------------|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

### Date: 08/29/2019 set in the 56th District Court

| Case Number: | 19-CV-1036 |
|--------------|------------|

**Case Style: Abundant Life Christian Centers of La Marque, Inc. vs. Philadelphia Indemnity Insurance Company, Et Al**

*Helpful Information: Please visit our website at http://www.galvestoncountytx.gov/dc*

*FAQ*

*Forms*

*Fee Schedules*

*Remote Access to on-line case record searches*

*Contact and Mailing information*

*Passport Services*

*E Filing Information*

*E Juror- online juror registration*

**Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible.**

*JOHN D. KINARD, District Clerk, Galveston County, Texas*

*District Clerk Personnel proudly serving our customers, community, and supporting the Judiciary*

# TAB 2

Filed: 6/13/2019 3:40 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 34361766
By: Lisa Kelly
6/13/2019 3:56 PM

## CAUSE NO. 19-CV-1036

| | | |
|---|---|---|
| **ABUNDANT LIFE CHRISTIAN CENTER OF LA MARQUE, INC.,** | § § § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § § | |
| **VS.** | § § | **GALVESTON COUNTY, TEXAS** |
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY and PAUL R. WHITE & COMPANY, INC.,** | § § § § | |
| *Defendants.* | § § | **56TH JUDICIAL DISTRICT** |

### PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE DISTRICT COURT JUDGE:

**Philadelphia Indemnity Insurance Company**, a Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer in response to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I.

### GENERAL DENIAL

As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by the Plaintiff, Abundant Life Christian Center of La Marque, Inc. ("Plaintiff"), and requests that the Court require Plaintiff to prove all of its charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

## II.

### AFFIRMATIVE DEFENSES

By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff.

With regard to the claims Plaintiff has brought against Defendant for alleged violation of various provisions of chapters 541 and 542 of the Texas Insurance Code and of the DTPA, Defendant alleges that Plaintiff is barred from asserting such claims by reason of its failure to provide written notice of such claims prior to filing suit as required by sections 541.154(b) and 542A.003 of the Insurance Code and section 17.505(a) of the Texas Business and Commerce Code.

As to Plaintiff's pleading contention that it was not required to provide such pre-suit notice based on Plaintiff's belief that "the limitations period will expire on June 9, 2019," Defendant continued to issue payments to Plaintiff on its insurance claim until March of 2018.  Defendant notified Plaintiff's insurance broker it was closing the claim file on August 28, 2018, a date less than one year ago.

The statute of limitations for Plaintiff's breach of contract claim is four years from the date the cause of action accrues.  Tex. Civ. Prac. & Rem. Code § 16.004(a).  The statute for Insurance Code or DTPA violations is two years from the date of the alleged unfair or deceptive act or practice.  Tex. Ins. Code § 541.162(a)(1) ("A person must bring an action under this chapter before the second anniversary of the following: (1) the date the unfair method of competition or unfair or deceptive act or

practice occurred…"); Tex. Bus. & Com. Code § 541.162(a) ("All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred..."); *Smith v. Travelers Cas. Ins. Co. of Am.*, No. H-16-1527, 2018 WL 3369683, *__ (July 10, 2018). Plaintiff was required to bring its contract claim within four years of the accrual date, and its Insurance Code and DTPA claims within two years of the accrual date. Causes of action for breach of first-party insurance contracts and violations of the Texas Insurance Code and the DTPA accrue on the date the insurer denies the insured's claim. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828-29 (Tex. 1990); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). "[C]losing a claim file [also] constitutes an outright denial of coverage and triggers the limitations period." *De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 409 (5th Cir. 2016).

With regard to Plaintiff's claims for violation of provisions of chapter 541 of the Insurance Code and for breach of the common law duty of good faith and fair dealing, Philadelphia alleges that a bona fide dispute exists, precluding liability and Plaintiff's recovery of damages under these extra-contractual theories. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997); *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

Pleading further and in the alternative, Defendant states that Plaintiff's claims and causes of action based upon alleged misrepresentations by Defendant and/or reliance by Plaintiff, including "misrepresenting to Plaintiff material facts

relating to the coverage at issue," all fail as a matter of law because the language of an insurance policy controls and the insured has a duty to read and be familiar with the terms of his own insurance policy. *Heritage Manor of Blaylock Props., Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 792 (Tex. App.—Dallas 2011, no pet.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex. App.— El Paso 1996). Further, an insured is bound to the terms of the policy whether he reads it or not. *Howard v. Burlington Ins. Co.*, 347 S.W.3d at 792 (citing *Manion v. Security Nat'l Ins. Co.*, No. 13-01-248-CV, 2002 WL 34230861, *3 (Tex. App.— Corpus Christi Aug. 15, 2002, no pet.)); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.).

Pleading further and in the alternative, Defendant asserts that if Plaintiff's damages, if any, resulted from both covered and non-covered causes of loss, Plaintiff bears the burden of segregating the damages which resulted from covered causes of loss. *See All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.).

Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate its damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

Pleading further, and in the alternative, Defendant alleges that the discovery in this case may show that Plaintiff failed to mitigate its damages as required under

the terms and provisions of the policy of insurance Defendant issued to Plaintiff, and that any damages Plaintiff suffered by such failure to mitigate are therefore barred.

Pleading further and in the alternative, Defendant asserts the coverage language, exclusions, limitations and definitions in the policy of insurance Defendant issued to Plaintiff under number PHPK1497088, including but not limited to the following:

a.  *Property Coverage Form* (PI-ULT-007 11.98), modified by *Texas Changes* endorsement (form PI-ULT-043 01.01):

   **A. Coverage**

   We will pay for direct physical "loss" to Covered Property caused by or resulting from any of the Covered Causes of Loss.

   **B. Exclusions**

   See the Causes of Loss Form.

   **E. Loss Conditions**

   The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

   **3. Duties In The Event Of Loss Or Damage**

   a. You must see that the following are done in the event of "loss" to Covered Property:

   \* \* \*

   **(2)** Give us prompt notice of the "loss" or damage. Include a description of the property involved.

   **(3)** As soon as possible, give us a description of how, when and where the "loss" or damage occurred.

   **(4)** Take all reasonable steps to protect the Covered Property from further damage by and of the Covered Causes of Loss. If feasible, set the damaged property aside and in the best possible order for examination. Also, keep a record of your expenses for emergency and temporary repairs, for consideration in settlement of the claim. This will not increase the Limit of Insurance.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, cost, values, and amount of **"loss"** claimed.

(6) As often as may be reasonably required, permit us to inspect the property and records proving the **"loss"**.

Also permit us to take samples of damaged and undamaged property for inspection, testing, and analysis, and permit us to make copies from your books and records.

(9) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(10) Cooperate with us in the investigation or settlement of the claim.

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must signed.

**4. Loss Payment**

**a.** In the event of "loss" to Covered Property covered by this Coverage form, at our option, we will either:

(1) Pay the value of lost or damaged property;

(2) Pay the cost of repairing or replacing the lost or damaged property;

(3) Take all or any part of the property at an agreed or appraised value; or

(4) Repair, rebuild or replace the property with other property of like kind and quality.

**7. Valuation**

We will determine the value of Covered Property in the event of "loss" as follows:

a. At replacement cost (without deduction for depreciation) as of the time of "loss", except as provided in b., c., d., e., f., g., and h. below.

(1) We will not pay more for "loss" on a replacement costs basis than the least of:

    **(a)** The Limit of Insurance applicable to the lost or damaged property;

    **(b)** The cost to replace the lost or damaged property with other property:

        **(i)** Of comparable material and quality; and

        **(ii)** Used for the same purpose; or

    **(c)** The amount you actually spend that is necessary to repair or replace the lost or damaged property.

**(2)** We will not pay on a replacement cost basis for any "loss".

    **(a)** Until the lost or damaged property is actually repaired or replaced; and

    **(b)** Unless the repairs or replacement are made as soon as reasonably possible after the "loss".

If the repairs or replacement are not made as soon as reasonably possible after the "loss", the value of the property will be actual cash value.

b.    *Causes of Loss Form* (PI-ULT-008 11.98):

### A. Covered Causes of Loss

Covered Causes of Loss means Risks of Direct Physical Loss unless the "loss" is:

**1.** Excluded in Section B., Exclusions; or

**2.** Limited in Section C., Limitations;

that follow.

### B. Exclusions

**2.** We will not pay for "loss" caused by or resulting from any of the following:

    **d.**  **(1)** Wear and tear;

        **(2)** Rust, corrosion, decay, deterioration, spoilage, contamination, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

**3.** We will not pay for "loss" caused by or resulting from any of the following.  But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss".

---

    **c.**  Faulty, inadequate or defective:

        **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        **(3)** Materials used in repair, construction, renovation or remodeling; or

        **(4)** Maintenance.

        Of part or all of any property on or off the described premises.

c.   *Texas Changes* endorsement (form PI-ULT-043 01.01):

    **A.**  **Legal Action Against Us**

    No one may bring a legal action against us under this Coverage Part unless:

    **a.**  There has been full compliance with all of the terms of this Coverage Part….

d.   *Commercial Property Conditions* endorsement (CP 00 90 07 88):

    **H.**  **POLICY PERIOD, COVERAGE TERRITORY**

    Under this Coverage Part:

    **1.**  We cover loss or damage commencing

        **a.**  During the policy period shown in the Declarations….

Pleading further and in the alternative, Defendant would show that Plaintiff's damages, if any, are capped by the limits reflected for such amounts alleged in the policy of insurance Defendant issued to Plaintiff.

Pleading further and in the alternative, Defendant pleads the applicability of the excessive demand doctrine, which precludes Plaintiff from recovering the fees and expenses of its attorney in this action. *See Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981).

<u>P**RAYER**</u>

Based on the foregoing, Defendant Philadelphia Indemnity Insurance Company prays that upon final hearing and trial, the claims and causes of action Plaintiff Abundant Life Christian Center of La Marque, Inc. brought against Philadelphia Indemnity Insurance Company be dismissed with prejudice, that such Plaintiff take nothing from Philadelphia Indemnity Insurance Company through those claims and causes of action, and that Philadelphia Indemnity Insurance Company obtain such other relief and further relief to which it may be justly entitled.

Respectfully submitted,

**MAYER LLP**

By:＿＿＿ */s/   William R. Pilat*＿＿＿
    William R. Pilat
    State Bar No. 00788205
    Email:  wpilat@mayerllp.com
    Allison M. Hooker
    State Bar No. 24046103
    Email:  ahooker@mayerllp.com
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone:  713-487-2000
Facsimile:  713-487-2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 13, 2019, a true and correct copy of the foregoing pleading was served upon all other counsel of record, as listed below, by filing this instrument with the electronic service provider for the Galveston County District Courts:

David A. Christoffel
CHRISTOFFEL LAW GROUP, PLLC
3027 Marina Bay Drive, Suite 230
League City, Texas  77573

*/s/   William R. Pilat*
William R. Pilat

---

# TAB 3

Filed: 6/17/2019 1:44 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 34426397
By: Shailja Dixit
6/17/2019 1:51 PM

CAUSE NO. 19-CV-1036

| | | |
|---|---|---|
| ABUNDANT LIFE CHRISTIAN<br>CENTER OF LA MARQUE, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY and PAUL<br>R. WHITE & COMPANY, INC., | § | |
| | § | |
| *Defendants.* | § | 56TH JUDICIAL DISTRICT |

## PLAINTIFF'S NOTICE OF PARTIAL NONSUIT

COMES NOW **Plaintiff Abundant Christian Center of La Marque, Inc.** ("Plaintiff") and pursuant to Rule 162 of the Texas Rules of Civil Procedure files this Notice of Partial Nonsuit with Prejudice as to one of the Defendants in this action, **Paul R. White & Company, Inc.**, as **Defendant Philadelphia Indemnity Insurance Company** has recently elected financial and legal responsibility for Defendant Paul R. White & Company, Inc., pursuant to Tex. Ins. Code §542A.006.

### I.

Plaintiff hereby provides notice to the Court that it wishes to dismiss Defendant Paul R. White & Company, Inc. from the instant cause of action. Plaintiff intends this nonsuit to be WITH PREJUDICE as to the re-filing of same.

### II.

This nonsuit shall *not* apply to Plaintiff's claims against Defendant Philadelphia Indemnity Insurance Company.

Respectfully submitted,

**CHRISTOFFEL LAW GROUP, P.L.L.C.**

By:＿＿/s/  David A. Christoffel＿＿＿＿＿
    David A. Christoffel
    State Bar No. 24065044
    Email:  christoffellawgroup@gmail.com
3027 Marina Bay Drive, Suite 230
League City, Texas  77573
Telephone:  (281) 429-8402
Facsimile:  (281) 429-8403

*Attorney for Plaintiff Abundant Life*
*Christian Center of La Marque, Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 17, 2019, a true and correct copy of the foregoing Notice of Dismissal with Prejudice was served upon all other counsel of record, as listed below, by filing this instrument with the electronic service provider for the Galveston County District Courts:

William R. Pilat
MAYER LLP
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027

By:＿*/s/  David A. Christoffel*＿＿＿＿
    David A. Christoffel

# TAB 4

## CAUSE NO. 19-CV-1036

| | | |
|---|---|---|
| **ABUNDANT LIFE CHRISTIAN** | § | **IN THE DISTRICT COURT** |
| **CENTER OF LA MARQUE, INC.**, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY, ET AL.**, | § | |
| | § | |
| *Defendants.* | § | **56TH JUDICIAL DISTRICT** |

## <u>DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT</u>

TO THE HONORABLE DISTRICT JUDGE:

PLEASE TAKE NOTICE that pursuant to federal law, Philadelphia Indemnity Insurance Company, the only remaining Defendant in the above-numbered and entitled cause, has filed with the Clerk of the United States District Court for the Southern District of Texas, Galveston Division, a *Notice of Removal*, a copy of which is attached to and filed with this Notice as **Exhibit** "**A**," and that this action is removed to the United States District Court for the Southern District of Texas for trial as of this date, June 17, 2019.  This Court is respectfully requested to take no further action in this matter, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

**MAYER LLP**

By:___/s/   *William R. Pilat*_____
      William R. Pilat
      Texas Bar No. 00788205
      Email:  wpilat@mayerllp.com
      Allison M. Hooker
      State Bar No. 24046103
      Email:  ahooker@mayerllp.com
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone:  713-487-2000
Facsimile:  713-487-2019

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on June 17, 2019, a true and correct copy of the foregoing *Notice of Removal to Federal Court* was served upon all other counsel of record, as listed below, by filing it with the electronic service provider for the Harris County District Courts or by emailing it to such counsel:

David A. Christoffel
CHRISTOFFEL LAW GROUP, PLLC
3027 Marina Bay Drive, Suite 230
League City, Texas  77573

      ___/s/   *William R. Pilat*_____
      William R. Pilat